UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MAE DUMAS and LOWANA
SHANELL DUMAS,

        Plaintiffs,                Case Number 12-13842

v.                                     Honorable David M. Lawson
                                     Magistrate Judge Mark A. Randon

JP MORGAN CHASE BANK, ORLANS
ASSOCIATES, P.C., and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISQUALIFY MAGISTRATE JUDGE AND VACATE SETTLEMENT AGREEMENT AND DISMISSING CASE

Before the Court is a motion by the plaintiffs to remove the assigned magistrate judge from this case on grounds of bias and misconduct, assign a different magistrate judge to the case, vacate a settlement that the parties placed on the record before the magistrate judge, and have further matters in the case adjudicated by the district judge. The defendants have responded, arguing that there is no merit to the plaintiff's allegations, the plaintiffs' request for relief is moot because this Court has accepted the present motion for adjudication, and the plaintiffs' subsequent acceptance of a modified settlement agreement requires dismissal of the action in its entirety. After reviewing the file materials, the Court determines that the plaintiffs' recusal motion is not moot, the magistrate judge exhibited no bias and committed no misconduct, and the subsequent settlement calls for a dismissal of the case.

I.

The present action is the second lawsuit these *pro se* plaintiffs have filed against their former mortgage lender and other loan processors and agents over the foreclosure of their home mortgage. In October 2008, the plaintiffs filed their first lawsuit against JP Morgan Chase Bank (Chase), Orlans Associates, and Mortgage Electronic Registration Systems (MERS) in this Court. The undersigned referred the matter to Magistrate Judge Mark Randon for pretrial management. Judge Randon conducted a settlement conference in April 2011 and assisted the parties in reaching an agreement that resolved the lawsuit, which was dismissed.

In August 2012, the plaintiffs filed the present action against Chase, Orlans and MERS alleging a breach of that settlement agreement and several statutory violations. Once again, the Court referred the matter to Judge Randon for pretrial management, and once again he scheduled a settlement conference. It is Judge Randon's interaction with the plaintiffs at that settlement conference and a subsequent telephone conference that forms the basis of their present motion.

The settlement conference conducted on February 26, 2013 apparently was successful, as the parties placed a settlement on the record that day. During the conference, Judge Randon presumably employed the conventional procedure of meeting with the parties and their representatives jointly and caucusing with them separately. The plaintiffs allege in their motion that the magistrate judge coerced them into a settlement by stating that he wanted to spend only one afternoon on the matter, suggesting that the plaintiffs should accept anything the defendants were willing to pay, expressing an opinion that the plaintiffs had gotten a good deal in the settlement of the first case, and expressing the belief that their present claims were "ridiculous." The plaintiffs believe that they were pressured into settling their case by the magistrate judge's insistence that the

session conclude by the end of the court day. Nonetheless, the plaintiffs expressed their willingness in open court to accept the settlement that was negotiated.

After the settlement was placed on the record, the defendants drafted documents to memorialize it. The plaintiffs balked at signing the documents, and the magistrate judge scheduled a telephone conference. The plaintiffs report that the magistrate judge was insistent that they sign the documents and threatened them with an assessment of costs.

It appears that the plaintiffs never signed that draft of the settlement documents and instead filed the present motion on March 16, 2013. Thereafter, however, the defendants modified the settlement agreement to account for certain escrowed funds. The modified agreement presumably was acceptable to the plaintiffs, as they communicated with counsel for Chase on March 29, 2013 that they considered the matter settled. However, the plaintiffs expressed a desire for a ruling on the present motion. Apparently, they contemplate more litigation in the future and they would like a determination whether Judge Randon should be recused.

II.

Chase argues that due to the subsequent settlement and withdrawal of the reference order, the plaintiffs' motion is moot and should be denied on that basis. Certainly, federal courts are limited to adjudicating live controversies. *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (reiterating that "a federal court has a continuing duty to ensure that it adjudicates only genuine disputes between adverse parties"). But "mootness generally depends on 'whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *United States v. City of Detroit*, 401 F.3d 448, 450-51 (6th Cir. 2005) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)).

Here, the withdrawal of the reference order does not render moot the plaintiffs' concerns over the magistrate judge's impartiality, since Judge Randon still is the assigned magistrate judge on the case. In fact, the withdrawal of the reference order was a necessary procedural step in adjudicating the recusal motion. *See* 28 U.S.C. § 144 (stating that when a party files an affidavit accusing a judge in an action of bias, "such judge shall proceed no further therein"). It did not grant the ultimate relief sought in the motion.

Nor does the impending settlement render moot the present motion, because the Court has not accepted the settlement or dismissed the action, although it intends to do so. "Settlement of a plaintiff's claims moots an action." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)). However, "[u]ntil the settlement becomes final . . . the case is not moot, since the settlement may never become final." *Selcke v. New England Ins. Co.*, 2 F.3d 790, 791-92 (7th Cir. 1993).

However, there is one aspect of the plaintiffs' motion that has been rendered moot: the request that the Court vacate the settlement that was put on the record on February 26, 2013. The parties have negotiated a new settlement agreement that superseded the previous one, and vacating the old settlement would not make a difference to the legal interests of the plaintiffs. The prayer for recusal, however, remains live.

III.

The plaintiffs insist that Judge Randon should be removed from this case because of bias and improper conduct. The Court disagrees. It is true that magistrate judges — and other judicial officers — must disqualify themselves in cases where their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.

1990) (explaining that "[u]nder 28 U.S.C. §§ 144 and 455, a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality"). A party who believes that a judge or magistrate judge is personally biased may file an affidavit setting forth the facts and reasons for that belief, at which point the judicial officer must take no further action in the case. 28 U.S.C. § 144. The source of the bias claim, however, must be "extrajudicial," which means that it must "emanate[] from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (internal quotation marks omitted).

The plaintiffs have described their encounter with Judge Randon in this case and explained why they were upset at his conduct during the settlement discussions. It is evident from their description that Judge Randon did not think much of the merits of their claims, and perhaps expressed some measure of frustration at what he perceived as the plaintiffs' intransigence in consummating the settlement agreement. But that attitude does not amount to judicial misconduct or amount to bias that is personal or extrajudicial. *See In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164 (6th Cir. 1984). Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification or upsetting judicial rulings. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

The plaintiffs contend that Judge Randon "coerced" them into the settlement agreement. Viewing all of the circumstances, the Court finds that claim unlikely. The plaintiffs, although appearing *pro se*, are seasoned litigators. They have brought a number of lawsuits against various parties, including the United States, in this Court. They have filed a prior action against these same

defendants, endured the negotiation pressures of a past settlement conference, resisted the effort by the defendants to complete the first settlement documents, and negotiated a second agreement. They attempted to file an amended complaint in this case that adds Chase's law firm as an additional defendant. Defendant Chase even suggests that the plaintiffs are contemplating a third lawsuit against them. The likelihood that Judge Randon's comments during settlement negotiations intimidated them is remote.

Judge Randon's comments about the merits of the plaintiffs' case may have been pointed and unvarnished. However, mediating a settlement is not always a gentle task steeped in diplomacy. The mediator must point out the relative strengths and weaknesses of each party's position, and that often requires the mediator's frank and perhaps uncomplimentary assessment of a party's case. *See, e.g., In re M. Ibrahim Khan*, 751 F.2d at 164 (finding no bias where during a telephone conference a bankruptcy judge stated that he might summarily dismiss certain Chapter 7 petitions and expressed that the debtor "can see the handwriting on the wall"). If Judge Randon did not think much of the merits of the plaintiffs' case, they deserved to know about it. That information, no doubt, could impact a party's settlement position. But it hardly amounted to misconduct by the settlement conference judge.

### IV.

The Court finds no merit in the plaintiffs' accusations against Magistrate Judge Mark Randon. There is no evidence of extrajudicial bias, and he has not engaged in any misconduct in handling this case. The new settlement agreement, which the plaintiffs have accepted, renders moot the request to vacate the old settlement agreement. And since the merits of the case have been resolved by the final settlement, the case will be dismissed.

Accordingly, it is **ORDERED** that the plaintiffs' motion to remove or disqualify the magistrate judge [dkt. #38] is **DENIED**.

It is further **ORDERED** that the request to vacate the original settlement agreement is **DENIED AS MOOT**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the pending motions to dismiss [dkt. #23] and to strike [dkt. #32, 33] are **DISMISSED AS MOOT**.

            s/David M. Lawson
            DAVID M. LAWSON
            United States District Judge

Dated: April 19, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 19, 2013.

            s/Deborah R. Tofil
            DEBORAH R. TOFIL